May it please the Court, I'm Scott Zarin and I represent the appellant Paul Stanford. This case presents purely a legal question regarding the interpretation of Federal Rule of Civil Procedure 55, subsection C, which permits a court to set aside the entry of a default as opposed to a default judgment, which is governed by subsection B of that rule, for good cause. In Hawaii Carpenters v. Stone, this court indicated that a defaulting defendant has successfully demonstrated good cause if he shows that he has a meritorious defense alone. That court recognized that the standards of setting aside a default are less rigorous than those for setting aside a default judgment under subsection B. The court's main concern was the possibility that the outcome after trial would be different if a default were entered than if there had actually been a trial on the merits. Counsel, are you familiar with the case of Franchise Holding v. Huntington Restaurants? Yes, I've read it. What does that suggest in terms of the standard? Franchise Holding, which was cited by this court in July, is a case which does, in fact, implicate Rule 55C. The good cause standard that governs vacating entry of default under Rule 55C is the same standard that governs vacating a default judgment under Rule 60B. It is the same standard, Judge. The good cause analysis considers different factors, and then they lay out these factors. They do lay out the factors. But first of all, in this particular case, the court laid out the factors, but the question that was never presented to the court, seemingly, as to whether or not all three factors must weigh in favor of the plaintiff or the defendant, or whether the court can and should weigh those three factors and balance them against each other. Second, the court in Franchise Holding never referenced Hawaii Carpenters, which is the first case in which this court addressed the Rule 55C. And so, at worst, Franchise Holdings and Hawaii Carpenters are at odds with each other, and this court would have to decide which of those two cases governs. I would argue that Hawaii Carpenters — It would be, Judge. It would be if the more recent decision had, in fact, been informed and had been addressing the issue of whether these three factors should be considered independently or whether they should be balanced against each other, which, in fact, was what the Hawaii Carpenters court did. It looked at the meritorious defense factor and said that this factor alone is the factor that should be considered. And in doing so, it said that its concern was that a default should not result as a consequence of a failure to respond without the consideration of other factors, and that there should be a less rigorous standard applied in default judgment and default cases. So the Hawaii Carpenters case, Judge, expressly addressed the issue, whereas the Franchise Holdings case did not. It merely imported wholesale without consideration of these three factors — consideration of whether those three factors should be considered independently or should be balanced against each other. Well, the latest case says, as these factors are disjunctive, the district court was free to deny the motion, quote, if any of the three factors was true, citing our case in American Association of Naturopathic Physicians. It does that, Judge, except I would argue that having failed to actually address the issue of whether these three factors should be balanced against each other or all should be required, it didn't address the issue. It just, without addressing it, accidentally wholesale imported these three factors. Isn't the word disjunctive one that sort of disposes of that question? Well, it does, Judge, except that that would only be if the — if it were a default judgment case, as Rule 55B addresses. But this is not. Well, there's a couple of things about this case. First of all, all the argument is made in connection with the scenario that visualizes a default in the usual sense that a person fails to appear. Now, we have parties in one form or the other — well, both of them — before the court repeatedly told what was necessary and repeatedly not only ignored doing what they were told that they could do to preserve their rights, but failing to show up when the court had scheduled events for them to be there. Now, this is beyond a simple failure to respond to a summons. This is not only failure to reinstate the answer that was stricken. This is standing in front of the court and saying, oh, I may tell you later on that I have a meritorious defense, and I don't care when you tell me to appear here. I'm going to claim that I have a meritorious defense. And if I have a meritorious defense, you're going to weigh that against all of my defiance. That won't work. It's not a trump card. That's true, Judge, except that that's one of the three factors. Coupleful conduct is one of the three factors to be considered. Now, can you visualize a court setting aside any judgment in which a person says, I am totally lacking in culpability for my failure to appear, but I don't have a meritorious defense. The court is going to say, I don't care what your excuse is. You have to have a meritorious defense for opener. Isn't that true? And without a meritorious defense, nothing else can matter, can it? See how that works? Everything else just goes out the window. That would be true. That would be true, Judge. So isn't a meritorious defense a given? Without that, nothing matters. It takes that for openers. Then you get to the other factors. What's wrong with that analysis? And isn't that the one in Oregon? That's kind of my vague recollection of what it takes under Oregon procedure, that you start with a meritorious defense or you don't even get off the ground. I would agree with that analysis, Judge, except that that doesn't address the issue of the fact that in franchise holdings, the question of whether all three factors had to, in fact, be in the plaintiff's favor or not was addressed. It was not addressed. As I noted before, the court seemed to wholesale import the requirement that all three of these factors must be addressed. And second, when looking at the culpable conduct factor in this particular case, the district court seems to have misinterpreted that particular factor, saying that negligence, in effect, the defendant's negligence was, in fact, sufficient, when, in fact, the Ninth Circuit has expressly stated that negligence is not sufficient, but intent is required. And intent means the willful attempt to circumvent judicial processes, which has not happened in this case. Thank you, counsel. We'll hear from the other side. May it please the Court, my name is Trung Tu, and I represent the plaintiffs of Pele's Bruce McKinney and the Washington Campaign for the Restoration and Regulation of Hemp. As an initial matter, as Judge Levy pointed out, this is not a typical default case in which the default was entered because the defendant simply failed to timely appear or failed to answer and then moved to have the entry of default set aside a few weeks later. Instead, this is a case in which the defendant deliberately, willfully, and continuously failed to comply with several of the district court's orders and failed to show up at three different hearings scheduled by the district court, including two show-cause hearings for why default shouldn't be entered. As a result, after several notices that were given to the defendants, the district court sanctioned the defendants' culpable conduct by striking their answer and ordering an entry of default. This case had also been pending in the district court for over a year before the entry of default was ordered, and during that time the defendants refused to file a pretrial order and refused to participate in any form of discovery. Moreover- What do you mean when you say refused? Did they send in a paper saying we refused to do this? The court ordered them to file a pretrial order. They just simply didn't do it. Yeah, that's a little different than refusing. Well, yes, sir. Well, I interpret it when a judge tells you to do something, you don't do it. That's refusal. But, yes, sir. Well, it may be negligence or indifference, right? Well, and then the defendants- Or imprudence. I'm sorry? It may not be the smartest thing to do in the world. No, sir. And then the defendants waited over 10 months later to move to have the entry of default set aside. And the case law in this court is clear that in order to have an entry of default set aside, the defendants are required to show good cause. And to show good cause, all three factors must be satisfied. The defendants must show that they have a meritorious defense, that they didn't have culpable conduct that led to the default, and that the plaintiffs wouldn't be prejudiced if the default was set aside. The defendants failed to satisfy all three factors in this case. The defendants are now asking this Court to ignore clearly established circuit court precedent by deciding either that, one, regardless of the other two factors, good cause is established if the defendants can show that they have a meritorious defense. And two- I'm not sure. I'm sorry? Pardon, Counselor. When you say the defendants failed to show all three factors, did you mean there was a finding adverse to the defense on all three factors? There was a finding adverse to – on two of the three factors. The district court found that the defendants lacked meritorious defense, and they found that their culpable conduct led to the default. However, the district court found that the plaintiffs wouldn't be prejudiced if the default was set aside. I submit that the district court's finding regarding the prejudice factor was erroneous because the district court put the burden on the plaintiffs to prove prejudice. However, this Court's case law states that it's the defendants' burden to establish all three factors. Do you have anything else, Counsel? No, sir, unless you have any questions. I don't think so. Thank you very much. Okay.  Counsel? I would just like to emphasize that even if this Court were to determine that the defaulting defendant was required to demonstrate all three factors, in this case he, in fact, did. As the district court indicated, there was no prejudice to the plaintiff, number one. Number two, the defaulting defendant has not engaged in culpable conduct, considering the fact that If that's not culpable conduct, what is? Culpable conduct requires an intent to undermine the judicial process. So what explains all the failures to show up for orders to show cause, hearings, and everything else under the sun? What explains that? Conceitedly, Judge, that would rise to the level of negligence. The defendant did not show up because he did not have an attorney for the majority of time during which he was required to show up. That can be no excuse. If we were to sanction that as an excuse, the whole system just shuts down on the spot. The Ninth Circuit said, I believe, in the case was You could go forever just failing to come to court, then come to court and say, well, I didn't have an attorney, and then we would be required to say, oh, well, that's good. Let's start up again four or five years later. What do you want from me? I didn't have an attorney. I didn't come to court. And you're asking us to write an opinion saying that erases everything. You can start over again. Systems can't work that way. And then on top of that, both of these defendants, by filing an initial counterclaim, invoked the power of the court. They asked the court for affirmative relief in the form of a counterclaim. Now they're saying the court didn't pay attention to them. They did, but subsequently the defendant lost his attorney as a consequence of inability to pay and bankruptcy. I know. The corporation lost its attorney. The corporation, yes. And if a corporation doesn't have money to hire its lawyers, is it worth defending? That's the thing that I have trouble with. A corporation that says we're in the business of money and it doesn't have money to hire a lawyer, who cares about it? True? I would argue that simply because a corporation does not have sufficient funding to hire attorneys doesn't mean that its case has no merit. Its defense against the plaintiff's case has no merit. But it isn't. All right. You get the point, though. Once a corporation has no money, a corporation such as this has no money, why is having no money to hire a lawyer an excuse? All corporations frequently file bankruptcy, Judge, and recover from that and come out of bankruptcy eventually and can operate as a going concern then again. Very well. Thank you, Counselor. The case just argued is ordered and submitted. We will get you a decision as promptly as we're able. Pickett v. Joy at Barnhart. Thank you.
judges: Leavy, Trott, Pollak